DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

PATRICK K. O'BRIEN (CABN 292470)
Assistant United States Attorney

      450 Golden Gate Avenue, Box 36055
      San Francisco, California 94102-3495
      Telephone: (415) 436-7126
      FAX: (415) 436-7234
      Patrick.OBrien@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 3:19-CR-00255-WHA |
| Plaintiff, | UNITED STATES' RESPONSE TO DEFENDANT'S REQUEST FOR LEAVE TO FILE AND BE HEARD ON MOTION TO SUPPRESS |
| v. | |
| YUI LUN WU,<br>    a.k.a., Roland Wu, | |
| Defendant. | |

## I.    INTRODUCTION

On January 13, 2020, defendant Yui Lun Wu requested leave to file a motion to suppress 20 days after the deadline for that motion imposed by the Court. The Court should deny the motion for leave because the motion to suppress is untimely, and there is not good cause for the delay. If the Court disagrees and grants the motion for leave, the United States respectfully requests an opportunity to fully brief its opposition to the motion to suppress within two weeks of the Court's order on the motion for leave.

## II.    BACKGROUND

On October 1, 2019, the parties appeared before the Court at a trial setting conference, and the Court set a trial date of April 20, 2020.  *See* Dkt. 33.  Importantly, the Court also ordered a briefing schedule for certain defense motions, including specifically a motion to suppress, with the Court ordering any motion to suppress to be filed by December 17, 2019.  *See id.*  The Court imposed the December 17 motion deadline only after the Court suggested an earlier deadline in December and counsel for the defendant asked for additional time.[1]  Following the October 1 hearing, the parties submitted a stipulated briefing schedule, and the Court issued an order adopting that briefing schedule. *See* Dkt. 36, 37.

Then two and a half months went by and the December 17 deadline came and went without the defendant filing a motion to suppress.  On January 6, 2020, after the motion deadline passed, the defendant agreed by stipulation to vacate the hearing on a motion to suppress because he did not file a motion to suppress or other relevant motion.  *See* Dkt. 39.  Specifically, the defendant agreed that "[a]t the status conference on October 1, 2019, the parties and the Court agreed that any motion to suppress in this case or other defense motions (other than those typically field before trial) would be due by December 17, 2019."  *Id.*  Based on that stipulation, the Court vacated the hearing on the motion.  *See* Dkt. 40.

Now, the defendant seeks leave to file a motion to suppress three weeks after the Court-imposed deadline based on a District of Massachusetts case issued on November 12, 2019.  *See* Dkt. 41, 41-1 (citing *Alasaad v. Nielsen*, 2019 WL 5899371 (D. Mass. Nov. 12, 2019)).[2]

## III.    ARGUMENT

The Court should deny the motion for leave because the motion to suppress is untimely.  The Court had the power to set a pretrial motion schedule in this case under Federal Rule of Criminal

---

[1] The United States has not requested the October 1 transcript but is proceeding from memory.

[2] On January 4, 2020, counsel for the defendant informed counsel for the United States that the stipulation vacating the motion hearing should be filed, but counsel for the defendant also noted that he was going to file a "motion to quash the search warrant in this case."  Then on January 8, 2020, counsel for the defendant informed counsel for the United States for the first time that the defense intended to file a motion to suppress the evidence seized from the search at the border, which was not done pursuant to a warrant, and "probably a motion to quash the later search warrant."  *See* O'Brien Declaration.

Procedure 12(c)(1), and it did so here. Failing to adhere to that schedule has consequences, namely that a motion filed after a court-imposed deadline is untimely, but a court may court may consider the motion if there is good cause for the delay. *See* Fed. R. Crim. P. 12(c)(3); *see also United States v. Nguyen*, 743 F. App'x 764, 766 (9th Cir. 2018) (affirming district court's order denying untimely motion).

The defendant has not made a good cause showing here. First, a decision from another district in another circuit issued *5 weeks before* the Court-imposed deadline in this case does not excuse the defendant's untimely motion to suppress. The defendant could have found this case issued on November 12 before the December 17 deadline. And even if defense counsel did not find the case until mid-December, *see* Dkt. 41 ¶ 2, the defendant could have asked for an extension of the December 17 deadline before or around that date. He did not do so.

Moreover, the defendant could have raised the very same legal arguments that he raises now even without the "newly discovered" *Alasaad* case. The defendant's motion essentially argues that federal agents needed, but did not have, reasonable suspicion to do what they did at the airport. *See* Dkt. 41-1. The government has disclosed in discovery that agents used a computer forensics software when they searched the defendant's laptop at the airport and found child pornography. Since 2013, the Ninth Circuit has required the government to establish reasonable suspicion to conduct a comprehensive, forensic examination of a computer seized at the border. *See United States v. Cotterman*, 709 F.3d 952, 962 (9th Cir. 2013) (en banc). The *Alasaad* case cited by the defendant does not even clearly depart from the already-existing Ninth Circuit rule in this regard. *See Alasaad*, 2019 WL 5899371, at *13 (agreeing with *Cotterman* that a "cursory search of an electronic device" at the border does "not require a heightened showing of cause" but "a forensic search, 'essentially a computer strip search' was nonroutine search requiring reasonable suspicion"). So the defendant could have argued, under *Cotterman*, that because agents deployed a forensic software during the border search here, *Cotterman* required reasonable suspicion for the search. Again, the defendant simply did not do so.

If the Court is inclined to grant the defendant's motion for leave to file a motion to suppress, the government respectfully requests an opportunity to fully brief its response within 14 days of the Court's order on the motion for leave, which would be consistent with the prior briefing schedule in this case. *See* Dkt. 36, 37. But as a preliminary matter, the motion to suppress appears to be meritless. The

1    defendant concedes, for example, that if federal agents had reasonable suspicion to search his personal

2    laptop for child pornography, the motion to suppress should be denied. *See* Dkt. 41-1 at 7.

3        Here, the record already establishes that agents had reasonable suspicion to search the

4    defendant's personal laptop for child pornography.  Homeland Security Investigations Special Agent

5    Rocio Franco submitted an affidavit in support of the criminal complaint in this case which clearly

6    establishes what agents knew before the search at the airport.  Agents knew that a particular IP address

7    had been downloading suspected child pornography for several months. *See* Dkt. 1, Aff. In Support of a

8    Criminal Compl. ¶ 1.  Agents also knew that the IP address was associated with a particular residence,

9    and they knew that the defendant (as well as others) lived at that residence. *Id.* ¶¶ 7, 8.  Agents further

10   knew that the child pornography downloading activity stopped on April 20, 2019, which is the same day

11   that travel records showed the defendant departed the United States for Hong Kong. *Id.* ¶ 9.  At the

12   airport, the defendant identified the device in question as his personal laptop, and agents found

13   approximately 50 videos depicting child pornography on that laptop. *Id.* ¶¶ 11, 12.  Again, these facts

14   are already contained in the record in Special Agent Franco's affidavit.  And together, these facts more

15   than satisfy the modest standard for reasonable suspicion—"a particularized and objective basis for

16   suspecting the particular person stopped of criminal activity." *United States v. Cano*, 934 F.3d 1002,

17   1015 (9th Cir. 2019) (internal quotation marks and citation omitted).

18       As stated above, if the Court decides to grant the motion to leave, the government respectfully

19   requests an opportunity to fully brief its opposition within 14 days of the Court's order on the motion for

20   leave, including by supplementing the legal arguments in response to the defendant's motion to suppress

21   and the factual record to further show that agents had reasonable suspicion for the search at the airport.

22   //

23   //

24   //

25   //

26   //

27   //

28   //

1

**IV.      CONCLUSION**

2          For the foregoing reasons, the Court should deny the motion for leave to file the motion to

3  suppress.  If the Court grants the defendant leave to file the motion to suppress, the United States

4  respectfully requests that the Court allow the United States 14 days to file its opposition.

5

6  DATED:  January 17, 2020                              Respectfully submitted,

7                                                        DAVID L. ANDERSON
                                                         United States Attorney
8

9                                                        */s/ Patrick O'Brien*
10                                                       PATRICK K. O'BRIEN
                                                         Assistant United States Attorney
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28