DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

MOLLY K. PRIEDEMAN (CABN 302096)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7332
    FAX: (415) 436-7234
    Molly.Priedeman@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **CASE NO. 3:19-CR-00255-WHA** |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Date: October 5, 2020 |
| YUI LUN WU, a.k.a., Roland Wu, | Time: 11:30 am |
| | Hon. William Alsup |
| Defendant. | |

## I. INTRODUCTION

On June 30, 2020, defendant Yui Lun Wu pled guilty to a two count indictment charging him with Transportation of Child Pornography in violation of 18 U.S.C. § 2252(a)(1) and (b)(1) and Possession of Child Pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). The minimum term of imprisonment on Count 1 is five years. The guilty plea followed a law enforcement investigation that revealed that Mr. Wu possessed more than 90 graphic videos and images depicting minors forcibly engaged in sexually explicit conduct with adult abusers. The abusive materials in Mr. Wu's possession including sadistic and masochistic images, including image of young children being raped, sexually abused, and subjected to sexual humiliation and degradation. There is no plea agreement

in this matter.

The government agrees with the United States Probation Office ("Probation") that the total offense level is 34 and Mr. Wu's criminal history category is I, resulting in a Guidelines range of 151 - 188 months. The government respectfully requests that the court impose a low-end guidelines sentence of 151 months of imprisonment, followed by five years of supervised release, and a $5,200 special assessment.

## II.    FACTUAL BACKGROUND AND OFFENSE CONDUCT

Mr. Wu was raised by his parents in Hong Kong, where they provided him with a nurturing and supportive environment. PSR ¶ 49. In 2005, when Mr. Wu was 18 years old, he and his family came to the United States, where Mr. Wu enrolled in college and ultimately earned an advanced degree. *Id.* He became a naturalized United States citizen on May 16, 2020. *Id.* Prior to his arrest, Mr. Wu worked as a computer engineer. *Id.* ¶ 50.

On April 10, 2019, a Homeland Security Investigations (HSI) agent downloaded 24 child pornography files from BitTorrent, a Peer-to-Peer ("P2P") network, associated with an IP address traceable to Mr. Wu's residence. PSR ¶ 9. All files downloaded by HSI were made publicly available to other users of the BitTorrent network. *Id.* On May 13, 2019, Mr. Wu was detained at San Francisco International Airport ("SFO") upon his return from Hong Kong and later arrested after he was found in possession of videos containing child pornography. PSR ¶¶ 11-12. On May 17, 2019, a federal search warrant was executed at Mr. Wu's residence and Mr. Wu was found to be in possession of additional child pornography. *Id.* ¶ 13. In total, Mr. Wu possessed approximately 90 videos of child exploitation: he possessed approximately 52 videos on his personal ASUS laptop seized by authorities at SFO on May 13, 2019, and approximately 38 videos on the electronic devices seized from his residence on May 17, 2019. *Id.* ¶ 18. The videos and images included bestiality, preteen, and hard core child pornography, and depict adult males forcing sexual acts on girls as young as five years old. *Id.* ¶ 17. One of the videos was nearly an hour in length. ¶ 14.

A review of Mr. Wu's laptop revealed several Google search terms including "hotel checking in with minor," "hotels that allow unaccompanied minors," "hotel check in with minor," and "hotel check in with minor girlfriend." PSR ¶ 16.

### III. DISCUSSION

#### A. Applicable Law

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing that Congress identified in 18 U.S.C. § 3553(a)(2). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Guidelines. *Id*. After determining the appropriate Guidelines calculations, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *Carty*, 520 F.3d at 991–93.

Under 18 U.S.C. § 3553(a), in arriving at the appropriate sentence for the defendant, the Court should consider these factors applicable to this case, among others:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

(5) the need to provide restitution to any victims of the offense.

#### B. Criminal History and Guidelines Calculation

The government agrees with the calculations in the PSR of Mr. Wu's criminal history score as 0 and his criminal history category as I. PSR § 43. The government also agree with the calculation in the PSR of Mr. Wu's total offense level is 34, which accounts for his acceptance of responsibility. PSR § 39. With this calculation, Mr. Wu's Sentencing Guidelines Range is 151-188 months. PSR § 64.

Defense counsel objects to paragraph 28 of the PSR and argues that a two-level increase for use of a peer-to-peer sharing program, pursuant to USSG § 2G2.2(b)(3)(F) is unnecessarily duplicative of the

two-level increase of use of a computer of an interactive computer service for the possession, transmission, receipt, or distribution of material, or for accessing with intent to view the materials, pursuant to USSG § 2G2.2(b)(6), which is reflected in paragraph 30.

"Impermissible double counting occurs when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines . . . double counting is not always impermissible; it is sometimes authorized and intended by the Sentencing Guidelines when each invocation of the behavior serves a unique purpose under the Guidelines." *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007)(citations omitted).  Here, each enhancement addresses a different harm.  As the PSR accurately points out, the enhancement for the use of BitTorrent addresses the fact that Mr. Wu was distributing child pornography, whereas, the use of the computer was used as a tool to possess and store the child pornography.  Because the distribution of child pornography enhancement accounts for a different harm that is not reflected in the enhancement for the use of the computer, the application of both enhancements does not result in impermissible double counting.  *See United States v. Kiefer*, 760 F.3d 926, 931 (9th Cir. 2014).

    **C.**    **The Government's Sentencing Recommendation**

        **1.**    **The Nature and Seriousness of the Offense Conduct**

As detailed above, Mr. Wu possessed over 90 images and videos visually depicting minors engaged in sexually explicit conduct, including depictions of young children, bestiality, and sadistic and masochistic activities.

Possession of child pornography causes grave harm to the children depicted in the images. *New York v. Ferber*, 458 U.S. 747, 758 (1982).  In *Ferber*, the Court noted that, in the judgment of state and federal legislators, as well as the authors of relevant literature, "the use of children as subject of pornographic materials is harmful to the physiological, emotional, and mental health of the child." *Ferber*, 458 U.S. at 758 (citations omitted.)

These impacts are the devastating consequences of the cyclical nature of the child pornography offenses including possession.  The minor victims were sexually abused when the images and videos were taken, and they suffer lasting trauma as a result of their knowledge that Mr. Wu and others have,

UNITED STATES' SENTENCING MEMORANDUM   4
3:19-CR-00255-WHA

and will continue to, view and share the recordings of these tremendously painful experiences.  The nature and circumstances of the offense conduct support a significant custodial sentence.  *See* 3553(a)(1).

### 2. The History and Characteristics of the Defendant

Mr. Wu enjoyed a loving childhood, free of abuse and neglect. Since then, he has accrued numerous academic and professional accomplishments.  Despite Mr. Wu's upbringing and his academic and professional success, Mr. Wu chose to possess and transport child pornography materials, despite knowing that the production of these materials involved the sexual exploitation of minor victims.

The government is particularly concerned about Mr. Wu's potential for committing hands-on abuse.  Mr. Wu's google search history suggests that he was either trying to check into a hotel with a minor, or contemplating checking into a hotel with a minor, an indication that Mr. Wu's proclivity for child exploitation materials may not be merely passive.

### 3. Respect for the Law, Adequate Deterrence, and Safety of the Community

The possession of child pornography materials inflict substantial harm on the minor victims and cause them long-last injuries.  A 151 month term of imprisonment in this case would reflect the gravity of the offense conduct and promote respect for the law.  This defendant would be specifically deterred from engaged in such conduct again.  *See* § 3553(a)(2)(B).  In addition, a significant custodial sentence in this case would help with efforts to protect the community and to generally deter other individuals from possessing or transporting child pornography materials.  *See* §§ 3553(a)(2)(B), (C).

For these reasons, and in particular, Mr. Wu's demonstrated interest in hands-on offenses, the government recommends a sentence of 151 months.  With respect to supervised release, the government agrees with the recommendation in the PSR for a 5 year term.

\\
\\
\\
\\
\\
\\

UNITED STATES' SENTENCING MEMORANDUM   5
3:19-CR-00255-WHA

## IV. CONCLUSION

With full consideration of all the sentencing factors set forth in 18 U.S.C. § 3553(a), the United States respectfully requests that the Court impose a sentence of 151 months of imprisonment, followed by five years of supervised release, and a $5,200 special assessment.

DATED: September 28, 2020

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

 */s/Molly K. Priedeman*
MOLLY K. PRIEDEMAN
Assistant United States Attorney